**BUTLER COUNTY.**

JANUARY TERM, 1883, No. 87.          NOVEMBER 23, 1882.

## Huselton *et al. v.* Weisman.

1. A husband devised land, the title to which was in the name of his wife, to their children, share and share alike, and made the wife executrix. Subsequently, the wife died, and devised the same land to their children, share and share alike. One of the devisees presented a petition to the Orphans' Court asking for partition of the land as the land of the husband. After service of a rule to show cause, award of partition, return of inquest, service of a rule upon the devisees to take or refuse the land at the valuation and sale, the purchaser filed exceptions upon the ground that the land belonged to the wife, and that the trustee to sell could not make title. The Court thereupon ordered the sale to be confirmed, unless the heirs would pay the expenses of partition. They having failed to pay these expenses, the sale was confirmed and a deed made to the purchaser. *Held* upon ejectment by some of the devisees against the purchaser that the Orphans' Court had jurisdiction to award the partition and confirm the sale.
2. The devisees were tenants in common, and it mattered not whether they claimed under their father or mother, since their respective purparts were the same in either case.
3. The clerical error of naming the wrong person could not avoid the partition.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Butler County.*

[Huselton *et al. v.* Weisman.]

Ejectment by William Huselton and Mary Elizabeth Huselton, his wife, in right of said wife ; James R. Beers and Susan R. Beers, his wife, in right of said wife ; and Anna Leonora Welsh against Henry M. Weisman, to recover one half of a tract of land situate in Butler township, Butler county, Pennsylvania.

At the trial before BREDIN, J., the following facts appeared : On March 5, 1852, Anthony Wise, *et ux.*, executed a deed, conveying to Susannah Weisman, wife of Gottlieb Weisman, the land for which this suit is brought. Gottlieb and Susannah Weisman had six children, viz : Catharine M., wife of John R. McLaughlin ; Mary Elizabeth, wife of William Huselton ; Susan R., wife of James R. Beers ; Catharine R., wife of W. H. Hazlett ; Anna L. Welsh and Henry M. Weisman. Gottlieb Weisman died September 5, 1859, leaving a will, by which he devised to his son and daughters "share and share alike, all that certain piece and tract of land and appurtenances whereon I now reside," (being the land in dispute,) "subject to the occupancy, use, and enjoyment of the same by my beloved wife, Susannah Weisman, during her natural lifetime." Of this will he made his wife executrix, and she took out letters testamentary September 12, 1859. On February 22, 1877, Susannah Weisman died, leaving a will, by which she gave "two hundred dollars in money out of the proceeds of my real estate" to her daughter, Mrs. Welsh, and "the residue of my personal and real estate I give and bequeath unto all my children, share and share alike, after the payment of all debts and charges against the estate."

January 20, 1880, John R. McLaughlin and Catharine M., his wife, presented their petition to the Orphans' Court of Butler county for partition of the land in dispute as the property of Gottleib Weisman. A rule to show cause why a writ of partition should not be granted was served on all the children of Gottleib Weisman. No objection was made or filed. Partition was awarded, and an inquest was held and returned. A rule was then taken on the devisees of Gottleib Weisman to appear and accept or refuse the premises at the valuation. Service of this rule was accepted. The Court then appointed a trustee to sell the land at public sale. The evidence showed that William Huselton and wife and Mrs. Welsh were at the sale, and that Huselton and wife were urging persons to bid. Before the sale was confirmed, Henry M. Weisman, the purchaser, filed the following exceptions :

"1. The title to said land seems to have been in Su-

sannah Weisman, as appears by deed of A. Wise, *et ux.*, to her.

"2. Because, if title is and was in Susannah Weisman, the same at her death vested in her heirs, and the trustee cannot make title in fee for said lands, Gottleib Weisman having had no title thereto or interest therein."

Upon these exceptions, the Court made the following order: "We direct the sale to be confirmed, unless within twenty days the heirs pay into Court the sum of two hundred dollars to cover the expenses of partition, in which event the sale to be set aside. If the confirmation becomes absolute, we direct two hundred dollars of purchase money to be paid into Court." The heirs neglected to pay the costs, and the sale was confirmed absolutely. On April 12, 1881, the trustee executed the deed for the land to Henry M. Weisman.

The plaintiff presented the following points:

"1. That if the jury believe from the evidence that the title to the land described in the *præcipe* and writ was in Mrs. Susannah Weisman at the time of the death of Gottlieb Weisman, the plaintiffs are entitled to recover."

"2. No title having been shown to be in Gottleib Weisman before and at the time of his death, any devise of the land described in the *præcipe* and writ in this case as made by Gottleib Weisman is a nullity and conveyed no title, and the plaintiffs are entitled to recover."

"3. If the jury believe from the evidence that the defendant knew before accepting his deed that the title was in Susannah Weisman and not in Gottleib Weisman, the doctrine of estoppel does not apply."

The Court charged the jury as follows:

"We will refuse all these points and instruct the jury that although the legal title to this land was in Susannah Weisman, and not in the said Gottleib Weisman at the time of his death, yet it having been shown that proceedings in partition were instituted in the Orphans' Court of this county by one of the children and devisees under the will of Gottleib Weisman for partition of this land as the property of Gottleib Weisman, citation having been issued and served upon the plaintiffs in this case, they not having appeared in court, but made no objection to the awarding of an inquest, and an inquest having been awarded by the Orphans' Court, the report of the inquest confirmed, a rule on the heirs and devisees of Gottleib Weisman to appear and accept or refuse the premises at the valuation, or show cause why they should not be sold, having been issued and service of that rule having been

[Huselton *et al. v.* Weisman.]

accepted for them, the proof also that the Court appointed a trustee to make sale of the land on neglect of the heirs to accept or refuse the premises at the valuation, and that the property was sold by the trustee and that William Huselton and wife and Mrs. Welsh, two of the plaintiffs, were present at the sale; and proof that Huselton and wife were urging persons to bid at the sale; and the sale having been confirmed by the Court after exceptions were filed by purchaser, on the ground that the title was in Susannah Weisman; and order made by the Court allowing the parties—the heirs and devisees of Susannah Weisman—to pay into Court the amount of the costs, when the exceptions to these proceeding, would be set aside, otherwise the sale would be confirmed; that the heirs and devisees neglected and refused to pay the costs and the sale having been confirmed by the Court, [we instruct the jury that these proceedings are conclusive as to them, and that they cannot maintain this suit. The jury will see that it don't make a particle of difference whether Gottleib Weisman or Susannah Weisman had the title, for they all have and take just the same interest under the will of Susannah Weisman, except Mrs. Welsh, as they would under the will of Gottleib Weisman. The will of Susannah Weisman gave Mrs. Welsh $200 additional, and, of course, she would be interested in sustaining that will. The others are interested rather in having the property considered the property of Gottleib Weisman. The Court directed $200 of the money to be paid into Court, in order to protect the purchaser should he be called upon to pay the $200 devised to Mrs. Welsh, but as the heirs allowed the proceedings to go on, allowed the sheriff to put on costs for serving rules and the attorney costs for presenting the petition, and costs for the trustee making the sale—having allowed all that cost to go on the case, it would be unjust to set it aside without making some provision for these costs. The heirs having had the privilege of paying these costs, which they were justly entitled to do, and refusing to pay them, but letting the sale be confirmed, they cannot now set up that the title was in Susannah Weisman and not Gottleib Weisman. They are estopped from setting that up in this proceeding. As there is no dispute as to these facts; we instruct you to render a verdict for the defendants."]

October 12, 1882, verdict for defendant and judgment thereon.

The plaintiffs thereupon took this writ, assigning for

error the refusal of their points as above, and the portion of the charge in brackets.

*A. G. Williams* and *H. H. Goucher* for plaintiffs in error.

The judgment or decree of a Court is only conclusive of the matters at issue within its jurisdiction. The Orphans' Court had no jurisdiction to try a question of title, and hence the title to these lands is unaffected by the decree: Mehaffy *v.* Dobbs, 9 Watts, 363; Ihmsen *v.* Ormsby, 32 Pa., 198; Messinger *v.* Kintner, 4 Binney, 97; McClure *v.* McClure, 14 Pa., 134.

There are none of the elements of an estoppel in this case. The plaintiffs made no representations, nor did any act to induce the defendant to purchase at the trustee's sale: Bigelow on Estoppels, 354; Kennedy *v.* Nedrow, 1 Dall., 415.

Two of the plaintiffs are married women. Married women can only be estopped or precluded from denying the truth of their representations in cases of pure tort: Bigelow on Estoppels, 490; Glidden *v.* Strupler, 52 Pa., 400; Keen *v.* Coleman, 39 Pa., 299; Keen *v.* Hartman, 48 Pa., 497; Rumfelt *v.* Clemens, 46 Pa., 455.

*R. P. Scott* for defendant in error.

It is a well settled principle of law that the judgment so pronounced by the Court is conclusive upon all the parties to the proceeding, and that such judgment cannot be attacked or impeached in a collateral proceeding: Dresher *v.* Allentown Water Company, 2 P. F. Smith, 229; Hibshman *v.* Dulleban, 4 Watts, 190; McClure *et al. v.* McClure, 2 Harris, 134, and case cited.

A decree in the Orphans' Court is conclusive as to the lands embraced in it: Ihmsen *v.* Ormsby, 8 Casey, 198.

Susannah Weisman would have been estopped from denying the title: Young *v.* Babilon, 10 Norris, 280; Chapman *v.* Chapman, 9 P. F. Smith, 214.

DECEMBER 11, 1882.—PER CURIAM: The Orphans' Court had jurisdiction. The parties were tenants in common, and it mattered not whether they claimed under their father or mother. Their respective purparts were the same in either case. The clerical error of naming the wrong person cannot avoid the partition.

Judgment affirmed.